UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 2:24-mj-385-KFW |
| ) | |
| JULIO BENITO MORAN IBARRA ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
THE GOVERNMENT'S MOTION FOR DETENTION**

Defendant Julio Benito Moran Ibarra, by and through counsel, submits this Memorandum in opposition to the Government's Motion for Detention (ECF No. 4). Specifically, Mr. Ibarra contends that his detention is not authorized under the Bail Reform Act, 18 U.S.C. § 3142(f) because he does not present a serious risk of flight. However, even if a detention hearing is authorized, detention pending trial is not warranted based on the facts of this case. Accordingly, we respectfully request Mr. Ibarra's release.

**PROCEDURAL BACKGROUND**

Julio Benito Moran Ibarra is charged in a single count indictment with reentry by a previously removed alien, in violation of 8 U.S.C. § 1326(a). (ECF No. 1). Mr. Ibarra made his initial appearance on December 9, 2024, at which time the Government moved for his detention pending trial based on Mr. Ibarra's serious risk of flight. (ECF Nos. 4, 6). When Mr. Ibarra did not consent to detention, the Court scheduled a detention hearing for December 13, 2024, and detained Mr. Ibarra on a temporary basis until that hearing.

On December 13, 2024, Mr. Ibarra objected to the Government's motion for detention, arguing that detention cannot be ordered where the Government had not met the threshold

1

requirement of proving that Mr. Ibarra presents a serious risk of flight under 18 U.S.C. § 3142(f), which provides:

> **(f) Detention Hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—
> **(1)** upon motion of the attorney for the Government, in a case that involves—
> [(A)-(E) delineating specific serious offenses]; or
>
> **(2)** upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
> **(A)** a serious risk that such person will flee; or
> **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

Mr. Ibarra maintained that because the Government could not prove that he presented a serious risk of flight, his release must be ordered pursuant to § 3142(b). In other words, detention was prohibited, and the only issue for the Court's determination was whether and what conditions were warranted under Subsection (b) and (c).

Under Subsection (b), a defendant must be released subject only to the mandatory conditions that 1) the person not commit new criminal conduct, and 2) cooperate in the collection of a DNA sample (if authorized pursuant to 42 U.S.C. § 4135a). Additional conditions of release <u>only</u> come into play if, under Subsection (b), the judicial officer determines that release on those two conditions alone would not reasonably assure the defendant's appearance or would endanger the safety of the community. Such a determination then triggers Subsection (c) and (g) to determine appropriate additional conditions.

At the hearing on December 13th, the Court deferred ruling on whether the Government could seek detention in the first place and permitted the parties to present evidence and argument on conditions of release. The Government argued that no conditions would reasonably assure Mr. Ibarra's appearance. Mr. Ibarra argued that the conditions proposed by U.S. Pretrial were

adequate. At the close of the evidence and arguments the Court reserved ruling pending submission of briefs by the parties on two specific issues:

1) Whether this case presents the requisite circumstances for invoking a detention hearing under § 3142(f), and if so,

2) Whether the Court can consider the issue of an ICE detainer in its analysis under § 3142(g).

## **LAW & ARGUMENT**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Bail Reform Act (BRA) provides those limited exceptions, namely, the offenses and circumstances in § 3142(f)(1) & (2). *Salerno* at 747. "Because detention may be ordered under section 3142(e) only after a detention hearing pursuant to section (f), the requisite circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial."[1]

Because the requisite circumstances for seeking detention in this case have not been met by the Government, the Court must grant Mr. Ibarra's release. But even if detention is authorized in Mr. Ibarra's case based on serious risk of flight, Mr. Ibarra's release on conditions is warranted.

**I.    THIS CASE IS NOT ELIGIBLE FOR DETENTION.**

Since 1987, the Federal Judicial Center has published the treatise, "The Bail Reform Act of 1984," the latest edition of which was published in 2022 ("BRA Monograph" or

---

[1] S. Rep. No. 98-225, at 20 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3206 [hereinafter Senate Report] ("It is anticipated that [release on personal recognizance or unsecured appearance bond] will continue to be appropriate for the majority of federal defendants.").

3

"Monograph").[2] The Monograph explains specific circumstances under which the Government may seek detention, which is governed by 18 U.S.C. § 3142(f).[3] In the Monograph's discussion on the "serious risk of flight" circumstance, §3142(f)(2), the Monograph addresses the situation of an illegal immigrant:

> Because subsection (f)(2) concerns a defendant's potential conduct and the risk must be "serious," an individualized assessment of the particular defendant is required. General claims that illegal immigration…defendants, for example, present a risk of flight is not sufficient. Under section 3142(f)(2)(A) the government must present evidence that *this* defendant presents a *serious* risk to flee, to obstruct justice, or to "threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."[4]

Several circuit courts have considered whether the risk of an involuntary removal establishes a serious risk that the defendant will flee and have concluded it does not.[5] The First Circuit has yet to construe the issue, but the analysis and decision in *United States v. Lopez*, No. 23-CR-10269-AK, 2023 U.S. Dist. LEXIS 207306 (D. Mass. Nov. 20, 2023) provides persuasive guidance. In *Lopez*, Magistrate Judge Levenson determined that the risk of nonappearance under the BRA must include an element of volition, citing opinions from the Seventh, Ninth, and Tenth circuits.[6] That is, the risk that a defendant will "flee" must be because of his own actions, not because of ICE's decision to remove him from the United States prior to trial. As such, Judge Levenson concluded:

> I am unpersuaded by the Government's contention that the prospect that ICE may deport Defendant constitutes "a serious risk that such person will flee," within the meaning as that term as used in the BRA. Accordingly, I conclude that the BRA does not authorize me

---

[2] WOOD, JEFRI, FEDERAL J. CTR., THE BAIL REFORM ACT (4th ed. 2022), found at www.fjc.gov/sites/default/files/materials/57/The%20Bail%20Reform%20Act%20of%201984-Fourth%20Edition.pdf
[3] *Id.* at 19-22.
[4] *Id.* at 20.
[5] *See, e.g., United States v. Storme*, 83 F.4th 1078, 1083 (7th Cir. 2023) ("In the bail context, nonappearance refers to an attempt to avoid submitting to a court's jurisdiction"); *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015) ("[T]he risk of nonappearance referenced in 18 U.S.C. § 3142 must involve an element of volition."); *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017) ("We agree with the latter set of courts that a risk of involuntary removal does not establish a 'serious risk that [the defendant] will flee' upon which pre-trial detention may be based." (alteration in original) (quoting 18 U.S.C. § 3142(f)(2)(A))).
[6] Supra n.5

> to detain Defendant simply because ICE might remove him from this country before the conclusion of this criminal case. An ICE order of removal does not implicate the type of volitional nonappearance that can justify detention under the BRA and Defendant has not himself evinced any intention to flee the Court's jurisdiction.

*Lopez* at *4. In so holding, the court acknowledged contrary rulings by some district courts but pointed out the lack of federal <u>appellate</u> decisions that adopt the contrary position. *Id.* at *6.

Judge Levenson further held,

> I also find, as an independent ground for my denial of the government's motion, that the BRA does not authorize a court to detain a person for the purpose of thwarting ICE's exercise of its authority under the Immigration and Nationality Act ("INA") to detain and deport persons who are without legal status in the United States. *See* 8 U.S.C. § 1231 ("Detention and removal of aliens ordered removed").

*Lopez* at *3.

As in *Lopez*, this Court should find 1) that a "serious risk of flight" must include an element of volition, and therefore, 2) an ICE detainer is not evidence of a "serious risk of flight." And because the Government has not presented any evidence of volitional acts to establish Mr. Ibarra's risk of flight by a preponderance of the evidence, beyond mere speculation, a detention hearing is not permitted under the BRA.

The Government argues in its Memorandum that a hearing was necessary to prove "serious risk of flight." *Government Memorandum in Support of its Motion for Detention* ("Memorandum" or "Gov't Memo.") (ECF No. 21) at 8. This is not disputed. What is disputed is whether the Government can seek detention in the first place. In other words, is this case eligible for detention under the BRA? The Government neglects this issue in its Memorandum, conflating eligibility for detention with the analysis of conditions under § 3142(g). But § 3142(g) only comes into play when detention is permissible under the BRA, and if so, the Court analyzes the § 3142(g) factors to determine whether to release or detain. If no circumstance in § 3142(f) is proven, however, the issue for the court's determination is not whether to detain, but rather what conditions of release are appropriate under 3142(b) and/or (c).

With respect to whether the Government has proven "serious risk of flight" to seek detention, it has not. The offense itself demonstrates Mr. Ibarra's strong desire to be in the United States, and the assumption that noncitizens will flee "is not supported by empirical proof." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1140 (D. Idaho 2023); *see also Def.'s Ex.* 1.[7] Furthermore, the possibility of conviction does not establish a "serious risk of flight" because Mr. Ibarra's guideline range is 0-6 months in Zone A, which means imprisonment is not even necessary.[8] And as reflected in the Pretrial Report (ECF No. 14), Mr. Ibarra has ties to the community, including stable housing with his father and siblings.

The Government's reliance on *United States v. Neves*, 11 F. App'x 6 (1st Cir. 2001) is unpersuasive. In *Neves*, the defendant had a "lengthy criminal record," including a drug conviction that led to his deportation, and a "remarkable" number of defaults. *Id.* at 8. The First Circuit concluded that Neves had a tendency to avoid court appearances, and "a strong incentive to flee" to "avoid the near-certainty of a prison sentence." *Id*. None of those circumstances are present in Mr. Ibarra's case.

In sum, on the issue of whether Mr. Ibarra presents a serious risk of flight, the Government has failed to meet its burden. Accordingly, this case is not eligible for detention.

## II.     IF THIS CASE IS ELIGILBE FOR DETENTION, THE PRESENCE OF AN ICE DETAINER SHOULD NOT BE CONSIDERED IN THE § 3142(G) ANALYSIS.

If detention is permissible, the Bail Reform Act directs a district court to assess a variety of factors in determining whether there are conditions which would reasonably assure the defendant's presence and safety of the community. These factors are set forth in 18 U.S.C.S. §

---

[7] U.S. Dept. of Justice Bureau of Justice Statistics, *Pretrial Release and Misconduct in Federal District Courts, Fiscal Years 2011–2018*, at 11 tbl.9 (Mar. 2022), https://bjs.ojp.gov/content/pub/pdf/prmfdcfy1118.pdf.

[8] U.S.S.G. § 2L1.2 governs the offense of illegal re-entry and sets the Base Offense Level at 8. There are no specific offense characteristics to enhance the base offense level, and Mr. Ibarra has no criminal history. Even if he went to trial, an Offense Level 8 for a person with no criminal history results in a guideline range of 0-6 months in Zone A.

3142(g), and immigration status is not a listed factor. In *U.S. v. Diaz-Hernandez*, the Ninth Circuit held that "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." 943 F.3d 1196, 1199 (9th Cir. 2019). The Ninth Circuit reasoned:

> First, as discussed, immigration status is not an articulated factor in § 3142(g)…Second, detention of a "criminal defendant pending trial pursuant to the [Bail Reform Act] and detention of a removable alien pursuant to the [Immigration and Nationality Act] are separate functions that serve separate purposes and are performed by different authorities." *United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019). A district court, addressing whether pre-trial detention is appropriate under the Bail Reform Act, may not speculate as to what may or may not happen in the future to the defendant under a different statutory and regulatory regime.

*Id.* This Court should adopt the Ninth Circuit's analysis in *Diaz-Hernandez* for the reasons cited therein, but also because it is unclear what will happen in Mr. Ibarra's immigration case. For example, it is unclear whether Mr. Ibarra has grounds for relief from removal. As the Supreme Court has said, "Immigration law can be complex, and it is a legal specialty of its own." *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). Moreover, and perhaps most significantly, the detainer says on its face states that this "detainer arises from DHS authorities and **should not impact decisions about the alien's bail**." DHS Form I-247A.[9]

Finally, the Government's reliance on *Neves* is inapposite. In that case, the First Circuit did not construe whether or not it was appropriate for the district court to consider a deportation order, it merely accepted the district court's findings and upheld the decision to detain.

## CONCLUSION

Detention pending trial in this case is not permissible under the BRA because the Government did not establish Mr. Ibarra's "serious risk of flight." Should the Court decide otherwise, the presence of an ICE detainer should not impact the § 3142(g) analysis. Considering the appropriate factors, the conditions proposed by U.S. Probation are sufficient to reasonably

assure the safety of the community and Mr. Ibarra's appearance. Accordingly, Mr. Ibarra's release is warranted.

Dated: December 19, 2024                    Respectfully submitted,

/s/Heather Gonzales, Esq.
Attorney for Defendant
Assistant Federal Public Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070
FAX: 553-7017
Heather_gonzales@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing **Memorandum** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties of record.

Dated: December 19, 2024                    /s/Heather Gonzales, Esq.
Attorney for Defendant

---

[9] Marked as Def.'s Ex. 1.